[No. 18221-8-I.   Division One.   January 20, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY A. GLESSNER, *Appellant.*

398

*Mark W. Muenster* and *Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dan Satterberg, Deputy,* for respondent.

WILLIAMS, J.—Jerry Glessner was charged by information with vehicular homicide. At trial, the charge was dismissed at the close of the prosecution's case for insufficiency of the evidence, and trial was continued on the lesser included offense of driving while intoxicated. The initial jury was unable to arrive at a verdict and a mistrial was declared; on retrial, Glessner was convicted by a second jury of driving while intoxicated. Glessner appeals from the judgment entered upon the verdict, assigning error to the court's denial of his motion to suppress the results of a blood test administered at the request of the State. We affirm.

Jerry Glessner and a companion were seriously injured in a motorcycle accident, and both were flown to Harborview Hospital. Once at the hospital, Glessner was placed under arrest for suspicion of vehicular homicide. While lying on a gurney in the x–ray room, Glessner was approached by a police officer who had been ordered to have a blood sample taken from him. The officer advised Glessner who appeared conscious, of his rights under RCW 46.20.308 and RCW 46.61.506, and Glessner mumbled a response. A nurse subsequently withdrew a blood sample from Glessner, and lab analysis established a blood alcohol concentration of .16 grams percent.

■ Glessner argues his motion to suppress the results of the blood test should have been granted because the police did not advise him of his right to counsel before the blood

was drawn. As the court noted in *Heinemann v. Whitman Cy.*, 105 Wn.2d 796, 800, 718 P.2d 789 (1986):

an accused has a Sixth Amendment right to counsel at any critical stage in a criminal prosecution. *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966). However, we have recently reaffirmed that the Sixth Amendment right attaches only when formal judicial criminal proceedings have been initiated against a defendant. *State v. Dictado,* 102 Wn.2d 277, 687 P.2d 172 (1984); *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 675 P.2d 599 (1984). It is only at that point that the government has committed itself to prosecute and "that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law." *Kirby v. Illinois,* 406 U.S. 682, 689–90, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972).

Although Glessner was under arrest at the time the blood sample was taken, no formal judicial criminal proceeding had been initiated against him. Glessner contends, however, that he was entitled to be advised of his right to counsel by CrR 3.1(c):

(1) When a person is taken into custody that person shall immediately be advised of the right to counsel. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.

(2) At the earliest opportunity a person in custody who desires counsel shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning counsel, and any other means necessary to place the person in communication with a lawyer.

CrR 3.1(c) is preceded by the following language in CrR 3.1(b):

(1) The right to counsel shall accrue as soon as feasible after the defendant is taken into custody, appears before a committing magistrate, or is formally charged, whichever occurs earliest.

(2) Counsel shall be provided at every stage of the proceedings, including sentencing, appeal, and post–conviction review. Counsel initially appointed shall continue to represent the defendant through all stages of the proceedings unless a new appointment is made by the court following withdrawal of original counsel pursuant to section (e) because geographical considerations or other factors make it necessary.

■ Washington courts have not addressed the nature of the advisement requirement under CrR 3.1(b) and (c), though the meaning of identical provisions in JCrR 2.11(b) and (c) (rescinded) has been considered. In *Heinemann v. Whitman Cy.*, 105 Wn.2d at 802, the Supreme Court noted that section (c) must be read in relation to section (b). This same approach was repeated in *State v. Prok,* 107 Wn.2d 153, 156, 727 P.2d 652 (1986), where the court specifically noted that (c)(1) expressly provides an individual's right to advisement of the right to counsel exists when that "person is taken into custody," while (b)(1) states that "[t]he right to counsel shall accrue as soon as feasible after the defendant is taken into custody". The court went on to observe:

even if the trial court were to have found that Prok had been taken into custody, there is no evidence by which we could conclude that it was feasible to advise Prok of his right to counsel any sooner than the trooper attempted to do so.

*Prok,* at 156. The propriety of the court's approach is reflected in CrRLJ 3.1(c)(1), which replaced JCrR 2.11-(c)(1): "When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer."

The evidence introduced at trial clearly indicates that Glessner's condition in the hours following the accident was serious. When friends first found him moments after the accident, Glessner was bleeding and unconscious. When the medics arrived, he was in and out of consciousness. Glessner's face was puffed and lacerated, and fearing head or spine injury, the medics immobilized him by placing him on a backboard, putting a collar around his neck and securing his head to sandbags. Though by the time he got to the

hospital Glessner had become somewhat more oriented, he still had no idea where he was; Glessner himself claims he can recall nothing after the accident until he awoke the next day. When the police approached Glessner in the x–ray room, Glessner's only immediate need was medical assistance. Although the police were able to obtain a blood sample, it was a procedure Glessner could not refuse. According to RCW 46.20.308(3):

If an individual is unconscious or is under arrest for the crime of vehicular homicide as provided in RCW 46.61-.520 or vehicular assault as provided in RCW 46.61.522, or if an individual is under arrest for the crime of driving while under the influence of intoxicating liquor or drugs as provided in RCW 46.61.502, which arrest results from an accident in which another person has been injured and there is a reasonable likelihood that such other person may die as a result of injuries sustained in the accident, a breath or blood test may be administered without the consent of the individual so arrested.

Under the circumstances, it was not feasible to advise Glessner of his right to counsel any sooner than he actually was. The trial court did not err in admitting the result of the blood test.

Affirmed.

GROSSE and WEBSTER, JJ., concur.

Reconsideration denied February 23, 1988.

Review denied by Supreme Court May 31, 1988.